**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2341

G. KENNETH ORNDORFF,

        Plaintiff - Appellee,

    v.

VILLAGE OF MARVIN,

        Defendant - Appellant,

MARIA GRAZIA SHKUT,

        Defendant,

RTS INVESTORS II, LLC; DAVID MILLER; RALEY MILLER PROPERTIES, INC.; LARRY RALEY,

        Third Party Defendants.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:17-cv-00618-GCM)

Submitted: June 18, 2019                          Decided: July 1, 2019

Before WILKINSON and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew J. Santaniello, Ryan L. Bostic, CLAWSON & STAUBES, PLLC, Charlotte, North Carolina, for Appellant. Tricia M. Derr, Phoebe N. Coddington, R. Jeremy Sugg, LINCOLN DERR PLLC, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

G. Kenneth Orndorff filed an amended complaint against the Village of Marvin ("the Village") and its employee Maria Grazia Shkut. Among other claims, Orndorff sought to hold both Defendants liable for slander based on a statement Shkut made during a public meeting. The Village moved to dismiss the slander claims for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2), asserting that it is entitled to governmental immunity. The district court, however, construed the Village's motion to dismiss on governmental immunity grounds as a motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6). The court declined to consider the exhibits attached to the Village's motion to dismiss, stating that doing so would convert the motion into a motion for summary judgment and that it would consider the exhibits along with other evidence at the appropriate time. Examining only the factual allegations in the amended complaint, the court concluded that Orndorff had alleged facts sufficient to establish that the Village was not entitled to governmental immunity. The Village appeals that decision. *See Davis v. City of Greensboro*, 770 F.3d 278, 282 (4th Cir. 2014) (explaining that order rejecting governmental immunity defense is subject to interlocutory review under collateral order doctrine).

We first conclude that the district court improperly construed the Village's motion to dismiss on governmental immunity grounds as a motion to dismiss for failure to state a claim. We need not decide, however, whether such a motion raises an issue of subject matter or personal jurisdiction because the result is the same under either rubric: the court had the discretion to consider the exhibits attached to the Village's motion to dismiss

3

without converting the motion into a motion for summary judgment. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009); *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991).

We also conclude, however, that the court's error was harmless. If the court had considered the attached exhibits, additional discovery still would have been required to determine whether the Village is entitled to governmental immunity because Orndorff alleged both knowing and negligent or reckless conduct. Accordingly, we affirm the district court's decision to deny the Village's motion to dismiss on governmental immunity grounds.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*